## ADAMS v. BRUSKE.

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—EVIDENCE.

> A husband conveyed certain land to his wife to protect it from
> his creditors, and also took in her name certain mortgages to
> secure loans made by him. Subsequently, after execution
> had issued on a judgment against the wife, she conveyed the
> land to her daughter in payment of an alleged indebtedness
> of the husband, and also, at the same time, discharged the
> mortgages, of the avails of which the husband had previously
> received the benefit. It was claimed that he was the real
> owner of all of the property. The daughter had already
> received other land in consideration of the same claim. *Held,*
> to indicate fraud, justifying a decree applying both the land
> and the proceeds of the mortgages to the satisfaction of the
> execution.

Appeal from Manistee; Chittenden, J., presiding. Submitted November 19, 1903. (Docket No. 138.) Decided January 5, 1904.

Creditor's bill and bill in aid of execution by Libbie Adams against Minnie Bruske, Herman Bruske, and Martha Ringel. From a decree dismissing the bill, complainant appeals. Reversed.

*Fitch & Reek,* for complainant.

*Frank E. Chamberlain (Frank L. Fowler,* of counsel), for defendants.

HOOKER, J. Herman and Minnie Bruske were husband and wife. He was a lumberman. On May 4, 1898, this complainant obtained a decree of foreclosure against Minnie Bruske, covering real estate in Mason county. In February, 1899, it was sold, resulting in a deficiency of $700, or thereabouts, and Minnie was decreed liable for the deficiency. Execution was duly issued, and subse-

quently was returned unsatisfied. At the time this execution was issued, September 2, 1899, Minnie Bruske held the record title to 80 acres of land, 40 of which was the family homestead. She also held a mortgage for $800, dated April 25, 1889, given by John Beyer, covering real estate; also a half interest in a mortgage for $666 upon other lands. On September 4, 1899, Minnie Bruske conveyed the 40 acres of land not occupied as a homestead to their daughter, Martha Ringel, and on or about September 7, 1899, the mortgages were discharged by her. Thereupon an *alias* execution was issued, and is still in the hands of the sheriff; and the bill in this cause was filed in aid of the execution, and to reach equitable assets of Minnie Bruske in the hands of Herman Bruske. At the hearing the complainant introduced proof of the foregoing facts and rested, relying upon the statute construed in the case of *Crane* v. *Waldron*, 133 Mich. 73 (94 N. W. 593). The defendants claim that Minnie Bruske never owned any property, and, though she held title to the 80 acres of land and the mortgages, that it really belonged to her husband, Herman Bruske, who caused it to be put in her name in view of his dangerous calling; that he was largely indebted to Martha Ringel for her labor, and for rent of a building which he had collected and appropriated, and to her husband for labor; and that the conveyance to Martha Ringel was by way of payment of these obligations of the husband, Herman Bruske.

The testimony fairly shows that Herman Bruske was heavily in debt as early as 1883, and that he caused this and other property to be conveyed to his wife about that time to protect it from his creditors. The transactions relating to the mortgages are not very clearly shown, but enough appears to indicate that they were taken for money furnished by Herman Bruske, but in the name of his wife. Afterwards they were applied on the purchase of property of which he had the benefit, but not discharged of record until the decree against Minnie made it appear advisable, and then it was done simultaneously with the deed to Mar-

tha Ringel.   Mrs. Ringel had already received two parcels
of land from her mother,—one as late as 1896, which was
in payment for labor.   The course of dealing with the
property by this family is suggestive of fraud, and so
strongly tends to show it that we think complainant's case
proven.

The decree of the circuit court is reversed, and a decree
may be entered in this court in accordance with the prayer
of the bill as to the 40-acre parcel of land in question, and
that, as defendant Herman Bruske has received the pro-
ceeds of the mortgages mentioned, he be required to pay
to the complainant any deficiency that may result after
the application of said 40-acre parcel to the execution and
costs of this case, to the extent of $1,000.   The complain-
ant will recover costs of both courts.

The other Justices concurred.